**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MARVIN STEWART,

               Petitioner,

   v.

ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

               Respondents.

CIVIL ACTION NO. 3:26-CV-00734

(MEHALCHICK, J.)

**MEMORANDUM**

Petitioner, Marvin Stewart ("Stewart") brings this petition for writ of habeas corpus. (Doc. 1). On March 23, 2026, Stewart filed the instant petition, requesting inter alia that Respondents Attorney General of the United States, United States District Court Middle District of Pennsylvania, Department of Homeland Security Field Office Director, Immigration and Customs Enforcement Philadelphia Field Officer, and Warden of the Federal Correctional Institution Lewisburg[1] release him from custody at the Federal

---

[1] The proper respondent in this case is Jessica Sage ("Sage"), Warden of FCI Lewisburg. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Stewart is detained at FCI Lewisburg, Sage is the proper respondent. (Doc. 1, at 1); *see Rumsfeld*, 542 U.S. at 434. Accordingly, all Respondents other than Sage are **DISMISSED**. However, the government will be bound by the Court's judgment because Sage is acting as an agent of the federal government by detaining Stewart on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-

Correctional Institution Lewisburg ("FCI Lewisburg") in Lewisburg, Pennsylvania or provide him with a bond hearing. (Doc. 1, at 6). On March 23, 2026, Stewart also filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which is conditionally granted, and Stewart's petition for writ of habeas corpus is deemed filed. For the following reasons, Stewart's petition for writ of habeas corpus (Doc. 1) is **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Stewart's petition, the Sage's response, and the exhibits thereto. (Doc. 1; Doc. 7). Stewart is a citizen of Jamaica, who entered the United States on or about January 5, 2022. (Doc. 7, at 2). The government subsequently served Stewart with a notice to appear on March 18, 2022. (Doc. 7, at 2). On July 30, 2025, an immigration judge issued Stewart an order of removal with withholding of removal to Jamaica. (Doc. 7, at 2). The order of removal became final on August 29, 2025. (Doc. 7, at 2). Sage submits that the government is exploring third-country removal options and that Stewart's removal is significantly likely in the reasonably foreseeable future. (Doc. 7, at 3).

On January 28, 2026, Stewart filed another habeas petition in the Western District of Pennsylvania requesting release from immigration detention or a bond hearing. (Doc. 7-5, at 14). Stewart's habeas action in the Western District of Pennsylvania is pending. (Doc. 7, at 4); *Stewart v. Warden*, 3:25-cv-00449. On March 23, 2026, Stewart filed a substantially similar habeas petition before the undersigned in the Middle District of Pennsylvania, requesting inter alia that the Court order release or a bond hearing, enjoin removal, and appoint counsel. (Doc. 1, at 6-7). On April 14, 2026, Sage filed a response to Stewart's petition (Doc. 7), and

01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

2

on April 27, 2026, Stewart filed a traverse. (Doc. 11). On May 5, 2026, Stewart filed a supplemental document, informing the Court that the Third Circuit stayed his removal. (Doc. 13).

## II.    LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing if it determines that a noncitizen habeas petitioner is entitled to one under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the Due Process Clause of the Fifth Amendment); *see also Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections).

### III.    JURISDICTION

#### A.  PERSONAL JURISDICTION

District courts have jurisdiction to grant habeas relief when the court has personal jurisdiction over the petitioner's immediate custodian. 28 U.S.C. § 2241(a); *Braden v. 30th Jud. Cir. Ct. Ky.*, 410 U.S. 484, 495 (1973); *Khalil v. President, United States*, 164 F.4th 259, 268 (3d Cir. 2026). When a petitioner is transferred to another jurisdiction, the court that "would have been able to exercise jurisdiction on the date the petition was filed" retains jurisdiction over the habeas action. *Khalil*, 164 F.4th at 268-69 (quoting *Martinez-Nieto v. Att'y Gen.*, 805 F. App'x 131, 135 (3d Cir. 2020)) (citing *Khalil v. Joyce*, 777 F. Supp. 3d 369, 392 (D.N.J. 2025)). "[A] habeas court with jurisdiction does not lose it because the detainee has been moved out of the district." *Khalil*, 777 F. Supp. 3d at 386; *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Ex parte Endo*, 323 U.S. 283, 284-85 (1944).

When Stewart filed his initial habeas petition in the Western District of Pennsylvania, he was detained at the Moshannon Valley Processing Center, located in the Western District of Pennsylvania. (Doc. 7, at 4); *Stewart v. Warden*, 3:25-cv-00449. Therefore, the Western District has personal jurisdiction over Stewart's initial habeas petition, even though Stewart was subsequently transferred to FCI Lewisburg in the Middle District of Pennsylvania. *Khalil*, 777 F. Supp. 3d at 386; *Rumsfeld*, 542 U.S. at 441; *Ex parte Endo*, 323 U.S. at 284-85. Stewart filed the instant habeas petition while detained at FCI Lewisburg in the Middle District of Pennsylvania. (Doc. 1, at 1). Accordingly, the Middle District of Pennsylvania has personal jurisdiction over the instant habeas petition because the Court has personal jurisdiction of Warden Jessica Sage, Stewart's immediate custodian. *Rumsfeld*, 542 U.S. at 441.

#### B.  SUBJECT MATTER JURISDICTION

4

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States. . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the INA strips district courts of subject matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR").

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 164 F.4th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil,* 164 F.4th at 278-79 (finding that length of confinement claim "does not get channeled into the PFR review process"). Thus, the Court retains jurisdiction over the legal

question of whether Stewart's detention after his order of removal became final has become unconstitutionally prolonged and unrelated to the purpose of removal. *Jennings*, 583 U.S. at 294; *Kahlil*, 164 F.4th at 274-79; *Zadvydas*, 533 U.S. at 688.

## IV.   DISCUSSION

Stewart contends that his prolonged mandatory detention at FCI Lewisburg is in violation of the INA, the Due Process Clause of the Fifth Amendment, the Convention Against Torture, and the Eighth Amendment. (Doc. 1, at 2). Stewart also alleges section 1983 and *Bivens* violations. (Doc. 1, at 5). Sage counters that the Court should dismiss Stewart's petition because of the substantially similar petition pending in the Western District of Pennsylvania. (Doc. 7, at 4). In the alternative, Sage avers that the Court should deny habeas relief because the government has lawfully detained Stewart and has not violated Stewart's due process rights. (Doc. 7, at 3).

The first-to-file doctrine provides that "[i]n all cases of concurrent jurisdiction, the Court which first had possession of the subject must decide it." *Keating Fibre Intern., Inc. v. Weyerhaeuser Co.*, 416 F. Supp. 2d 1048, 1051 (E.D. Pa. 2006) (quoting *Smith v. McIver*, 22 U.S. 532, 535 (1824)) (citing *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). Stated differently, "absent extraordinary circumstances, . . . cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction" should be decided "by the court where the litigation was first filed." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013) (citing *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988)); *Nawabi v. Sage*, No. 3:26-cv-1082, 2026 WL 1262989, at *1 (M.D. Pa. May 8, 2026); *Egamberdiev v. Sage*, No. 3:26-cv-967, 2026 WL 1482762, at *2 (M.D. Pa. May 27, 2026). The first-to-file rule gives district courts discretion to "stay, transfer, or dismiss a case that is duplicative of an earlier-

6

filed case." *Abdoulaye v. Doll*, No. 4:20-cv-01650, 2021 WL 647485, at *1 (M.D. Pa. Jan 12, 2021). Cases are substantially similar where the core facts are similar and the causes of action arise out of the same conduct. *Synthes*, 978 F. Supp. 2d at 456; *Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 381 F. Supp. 3d 416, 419-20 (E.D. Pa. 2019) (collecting cases). Courts may depart from the first-to-file rule in a number of circumstances, including "(1) the existence of rare or extraordinary circumstances; (2) the first-filer engaged inequitable conduct; (3) he acted in bad faith; (4) he engaged in forum shopping; (5) the later-filed action has developed further than the first-filed action; (6) the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in a less favorable forum." *Synthes*, 978 F. Supp. 2d at 455; *Nawabi*, 2026 WL 1262989, at *2.

Stewart's first filed habeas petition has been pending since November 2025 in the Western District of Pennsylvania. (Doc. 7, at 4); *Stewart v. Warden*, 3:25-cv-00449. Stewart's first filed habeas petition and the instant habeas petition share substantially similar subject matter, as they both concern Stewart's prolonged mandatory immigration detention, allege violations of the INA, the Due Process Clause of the Fifth Amendment, and the APA, and seek relief in the form of release from immigration custody or a bond hearing. (Doc. 1; Doc. 7-5). The instant petition asserting additional Convention Against Torture, Eighth Amendment, section 1983, and *Bivens* claims does not preclude application of the first-to-file rule because the core facts of the petitions are the same and the causes of action are based upon the same prolonged immigration detention. *Synthes*, 978 F. Supp. 2d at 456; *Phoenix Ins. Co.*, 381 F. Supp. 3d at 419-20. If the Court decides Stewart's instant habeas petition, the result could contradict the decision of the Western District of Pennsylvania on Stewart's first filed habeas petition, going against the principle of comity among district courts that the first-to-

file rule is based on. *See E.E.O.C. v. Univ. of Pennsylvania.*, 850 F.2d 969, 971 (3d Cir. 1988); *see Keating*, 416 F. Supp. 2d at 1053. Accordingly, Stewart's subsequently filed habeas petition (Doc. 1) is **DENIED** pursuant to the first-to-file rule.[2]

## V.   CONCLUSION

For the foregoing reasons, Stewart's petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court is directed to close this matter. An appropriate Order follows.

**BY THE COURT:**

**Dated: June 18, 2026**

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[2] The Court notes that on April 23, 2026, Stewart filed a motion for extension of time to file an answer to Sage's response. (Doc. 10). Since moving for an extension of time, Stewart filed a traverse (Doc. 11) on April 27, 2026, a reply brief (Doc. 12) on May 1, 2026, and a supplementary brief (Doc. 13) on May 5, 2026. Accordingly, Stewart's motion for extension of time is **DENIED as moot.**